UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 1349

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Magistrate Case No. _____ |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR VIOLATION OF |
| v. | ) | |
| | ) | Title 8, U.S.C., Section 1326 |
| **Omar RUEDA-Aleman** | ) | Attempted Entry After |
| | ) | Deportation |
| Defendant. | ) | |

The undersigned complainant being duly sworn states:

On or about **April 28, 2008**, within the Southern District of California, defendant **Omar RUEDA-Aleman**, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro, California, Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence this 30TH day of **April, 2008.**

UNITED STATES MAGISTRATE JUDGE



# PROBABLE CAUSE STATEMENT

On **April 28, 2008** at approximately 7:35 PM., **Omar RUEDA-Aleman (Defendant)** applied for admission into the United States through the San Ysidro, California Port of Entry as a passenger in a red 1998 Ford Explorer driven by his brother Adalid Rueda. Also applying for admission was his mother Guillermina Rueda Salas who was sitting in the rear seat of the vehicle. Upon inspection before a United States Customs and Border Protection (CBP) Officer, Guillermina Rueda and Adallid Rueda presented their valid United States passports and Defendant presented an I-551 (Permanent Resident Card). The CBP Officer received a computer generated referral and subsequently escorted the vehicle and its occupants to secondary for further inspection.

In secondary, Defendant was queried by 10-digit fingerprint and photograph comparison through the Automated Biometric Identification System (IDENT) and Integrated Automated Fingerprint Identification System (IAFIS). IDENT and IAFIS returned a match to the query, identifying Defendant as a deported alien and citizen of Mexico. Defendant was also linked to FBI and Immigration Service records.

Immigration Service records checks, including the Deportable Alien Control System (DACS) identified Defendant as a deported alien. DACS information indicates that Defendant was ordered deported from the United States by an Immigration Judge on or about March 16, 2006. Immigration Service records contain no evidence that Defendant has applied for or received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a videotaped proceeding, Defendant was advised of his Miranda rights. Defendant acknowledged his rights and agreed to answer questions without benefit of counsel. Defendant admitted he is a citizen of Mexico by birth in Michoacán, Mexico. Defendant admitted he no longer possessed documents that would otherwise permit his legal entry into the United States. Defendant admitted he has been previously deported from the United States by an Immigration Judge and removed to Mexico through Calexico, California. Defendant admitted to presenting a Permanent Resident Card he is no longer entitled to. Defendant admitted he has not applied for or received permission from the United States government to legally re-enter the United States. Defendant admitted he intended to enter the United States to resume living in Corona, California and to seek employment.